UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **CHRIS HARRIMAN**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CPAP MEDICAL SUPPLIES AND SERVICES INC.**,<br><br>Defendant. | Case No. 3:25-cv-00989<br><br>**CIVIL ACTION**<br><br>**UNOPPOSED MOTION TO STAY CASE PENDING ADJUDICATION OF PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER** |

Defendant CPAP Medical Supplies and Services Inc. ("**CPAP Medical**") moves for a stay of these proceedings pending the Court's adjudication of Plaintiff's response to the Court's Order to Show Cause ("**Show Cause Order**"; ECF 20) entered in *Conner v. CPAP Medical Supplies and Services Inc.*, Case No. 3:25-cv-00945 ("*Conner*").

In support of this request, CPAP Medical states:

**1.** Plaintiff filed the Complaint on August 22, 2025; CPAP Medical was served on September 10, 2025.

**2.** CPAP Medical's response to the Complaint is due on October 1, 2025.

**3.** The Court entered the Show Cause Order in *Conner* on September 26, 2025, which consolidated certain actions involving common questions of law and fact (the "**Consolidated Actions**"), namely:

    **a.**    3:25-cv-945-WWB-LLL (Conner - lead case)

    **b.**    3:25-cv-948-WWB-MCR (Overshown)

83279440;1

  **c.**  3:25-cv-950-WWB-PDB (Edwards)

  **d.**  3:25-cv-963-WWB-SJH (Follett)

**4.** The Show Cause Order established, as to the Consolidated Actions, a unified deadline for the plaintiffs in those actions to file an amended, consolidated Complaint, and for CPAP Medical to file its response to the same.

**5.** The Show Cause Order also directed the plaintiffs in this and three other similar actions to show cause, on or before October 2, 2025, as to why their cases should not also be consolidated with the Consolidated Actions.

**6.** If the Court should consolidate this case along with the Consolidated Actions, this case will also be subject to the new consolidated pleadings deadlines.

**7.** Granting this motion will promote the efficient administration of justice by avoiding unnecessarily duplicative filings that would require amendment or supplementation following the Court's adjudication of Plaintiff's response to the Show Cause Order.

**8.** CPAP Medical respectfully requests that the Court enter an Order staying these proceedings pending Plaintiff's response to the Show Cause Order and the Court's ruling on consolidation of this action with the Consolidated Actions.

### **MEMORANDUM OF LAW**

**I.** **LEGAL STANDARD**

The Court's inherent authority to stay proceedings is well-established and a stay particularly apt where, as here, a stay will conserve judicial resources and avoid duplicative efforts. As the Eleventh Circuit has stated, a stay is appropriate for "controlling the district court's docket and of managing cases before the district court." *Ortega Trujillo v. Conover &*

*Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (citing *Clinton v. Jones*, 520 U.S. 681, 683 (1997) (discussing district court's "broad discretion to stay proceedings as an incident to its power to control its own docket")). *See also CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) ("The inherent discretionary authority of the district court to stay litigation pending the outcome of related proceeding in another forum is not questioned."). The Court's decision to stay a case pending the resolution of related proceedings is reviewed for abuse of discretion. *See Ortega*, 221 F.3d at 1264.

In *Landis v. North American Co.*, 299 U.S. 248, 257 (1936), the Supreme Court noted that a "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." Accordingly, a district court has inherent authority to enter a stay pending the outcome of related proceedings, provided it is properly limited in scope and duration. The stay requested here is only until the Court adjudicates Plaintiff's response to the Show Cause Order, so it well meets the standard for entering a stay.

## II.    ARGUMENT

The Court should exercise its inherent authority to stay these proceedings pending its adjudication of Plaintiff's response to the Show Cause Order. The requested stay is narrowly limited in its scope and duration, as CPAP Medical requests that the proceedings be stayed only for so long as necessary to adjudicate Plaintiff's response to the Court's Show Cause Order, which response is due on or before October 2, 2025. As such, it is not vulnerable to challenge as an "immoderate" stay lacking a clear endpoint or purpose. *See Landis*, 299 U.S. at 257. Furthermore, the requested stay is unopposed, and no party has asserted that

granting this relief would result in prejudice or harm of any kind; indeed, the temporary nature of the stay further ensures that no party will be unduly burdened or delayed.

The Court has broad discretion to stay proceedings "as a means of controlling the district court's docket and of managing cases before [it]." *Ortega Trujillo*, 221 F.3d at 1264. The stay requested herein is narrowly limited in its scope and duration, which limitations reflect its purpose of obviating duplicative expense and effort. Therefore, the Court should grant this motion and stay these proceedings pending its adjudication of Plaintiff's response to the Show Cause Order.

## Local Rule 3.01(g) Certification

In accordance with Local Rule 3.01(g), counsel for Defendant CPAP Medical Supplies and Services Inc. certifies that Adam Remillard, Esq., also counsel for Defendant, contacted counsel for Plaintiff, Leigh Montgomery, Esq., who advised that Plaintiff does not oppose this motion or the relief sought herein.

**WHEREFORE**, Defendant CPAP Medical Supplies and Services Inc. respectfully requests that this Court enter a stay of these proceedings until the Court has adjudicated Plaintiff's response to the Show Cause Order.

83279440;1

Dated: October 1, 2025

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Christian P. George*

Christian P. George, Esq.
Florida Bar No. 41055
christian.george@akerman.com
Adam C. Remillard, Esq.
Florida Bar No. 1002568
adam.remillard@akerman.com
50 North Laura Street – Suite 3100
Jacksonville, FL 32202
Tel.: (904) 798-3700
Fax: (904) 798-3730

and

**AKERMAN LLP**

Christopher Carver, Esq.
Florida Bar No. 993580
christopher.carver@akerman.com
201 East Las Olas Boulevard – Suite 1800
Ft. Lauderdale, FL 33301
Tel.: (954) 463-2700
Fax: (954) 468-2454

*Counsel for CPAP Medical Supplies and Services Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2025, a true and correct copy of the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ Christian P. George*
Christian P. George

83279440;1