**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BRETT CONNER, DIANE EDWARDS,
JUWAN OVERSHOWN and STEPHEN
FOLLETT,

    Plaintiffs,

v.   Case No.: 3:25-cv-945-WWB-LLL

CPAP MEDICAL SUPPLIES AND
SERVICES INC.,

    Defendant.
_____/

RODERIC WOODS,

    Plaintiff,

v.   Case No.: 3:25-cv-962-WWB-MCR

CPAP MEDICAL SUPPLIES AND
SERVICES INC.,

    Defendant.
_____/

JOHN CRIST,

    Plaintiff,

v.   Case No.: 3:25-cv-966-WWB-SJH

CPAP MEDICAL SUPPLIES AND
SERVICES INC.,

    Defendant.
_____/

CHRIS HARRIMAN,

    Plaintiff,

v.                                                                                  Case No.: 3:25-cv-989-WWB-PDB

CPAP MEDICAL SUPPLIES AND
SERVICES INC.,

  Defendant.
_____/

TYRONE GIBBS,

  Plaintiff,

v.                                                                                  Case No.: 3:25-cv-995-WWB-MCR

CPAP MEDICAL SUPPLIES AND
SERVICES INC.,

  Defendant.
_____/

## **ORDER**

  THIS CAUSE is before the Court on the Court's September 26, 2025 Order (Doc. 20) and Plaintiffs' Response (Doc. 21). Plaintiffs have filed separate putative class actions against Defendant CPAP Medical Supplies and Services, Inc., alleging that Defendant failed to properly secure Plaintiffs' data, resulting in a subsequent data breach. Each such lawsuit appears to arise out of identical allegations. In response to the Court's Order to Show Cause, Plaintiffs state that they in fact seek consolidation, which Defendant does not oppose.

  "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2); *see also* M.D. Fla. R. 1.07(b). These cases share common questions of law and fact. Specifically, these cases are brought against the same Defendant by similarly situated Plaintiffs, allege the same or

similar conduct, and assert the same grounds for relief.  Consolidation would also permit Plaintiffs and counsel to effectively coordinate and manage their cases.

Accordingly, the Court will consolidate the above listed cases.  The deadlines for the service of an amended complaint and any response thereto set forth in the September 26, 2025 Order (Doc. 20) shall apply to the newly consolidated actions as well.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The following cases are hereby **CONSOLIDATED** for all purposes:  Case Nos. 3:25-cv-945-WWB-LLL; 3:25-cv-962-WWB-MCR; 3:25-cv-966-WWB-SJH; 3:25-cv-989-WWB-PDB; 3:25-cv-995-WWB-MCR.

2. Case Number 3:25-cv-945-WWB-LLL shall be the lead case, and **all future filings shall be filed and docketed in Case Number 3:25-cv-945-WWB-LLL only**.

3. Pursuant to Local Rule 1.07(b), the Clerk is directed to assign each of the consolidated actions to United States Magistrate Laura Lothman Lambert.

4. Plaintiffs may file an amended complaint on or before **November 10, 2025**. Defendant may respond to the amended pleading no later than **forty-five days** after it is served with the amended pleading.

5. Defendant's Unopposed Motions to Stay Case Pending Adjudication of Plaintiff's Response to Show Cause Order (Case No. 3:25-cv-966-WWB-SJH, Doc. 10; Case No. 3:25-cv-989-WWB-PDB, Doc. 13) are **DENIED as moot**.

6. Defendant's Motion to Stay Case Pending Ruling on Consolidation Motion (Case No. 3:25-cv-995-WWB-MCR, Doc. 10) is **DENIED as moot**.

3

**DONE AND ORDERED** in Jacksonville, Florida on October 8, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record